Michael F. Ram (SBN 104805)
mram@rocklawcal.com
Jeffrey B. Cereghino (SBN 99480)
jbc@rocklawcal.com
RAM, OLSON, CEREGHINO
  & KOPCZYNSKI
555 Montgomery Street, Suite 820
San Francisco, California  94111
Telephone:  (415) 433-4949
Facsimile:  (415) 433-7311

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA WREDBERG, an individual, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a Minnesota Corporation; and DOES 1-10,<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **Violation of the California Unfair Competition Law, Business & Professions Code § 17200,** *et seq*.<br>2. **Invasion of Privacy - Intrusion, Public Disclosure of Private Facts, Misappropriation of Likeness and Identity, and California Constitutional Right to Privacy**<br>3. **Negligence**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Samantha Wredberg ("Plaintiff") brings this class action against Defendants TARGET CORPORATION ("TARGET"), a Minnesota Corporation, and DOES 1-10 (collectively, "Defendants") on behalf of herself and all others similarly situated to obtain damages, restitution and injunctive relief for the Class, as defined, below, from DEFENDANTS. Plaintiff makes the following allegations upon information and belief, except as to her own actions, the investigation of her counsel, and the facts that are a matter of public record:

## I. PARTIES

1. Plaintiff is an individual who resides in this Judicial District.  On December 8,

2013, Plaintiff used her personal Visa card to purchase items at Target.

2. Defendant TARGET CORPORATION is a Minnesota Corporation headquartered in Minneapolis, Minnesota.

## II. JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). In the aggregate, Plaintiff's claims and the claims of the other members of the Class exceed $5,000,000 exclusive of interest and costs, and there are numerous class members who are citizens of states other than TARGET's state of citizenship, which is Minnesota.

4. This Court has personal jurisdiction over TARGET because TARGET is authorized to do business in the State of California, and operates stores within this Judicial District.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because TARGET resides in this District, many of the acts and transactions giving rise to this action occurred in this District and because TARGET is subject to personal jurisdiction in this District.

## III. GENERAL ALLEGATIONS

6. TARGET is the second-largest discount retailer in the United States and, as of 2013, is ranked 36th on the Fortune 500 list of top US companies, by revenue. Millions of Americans regularly shop at Target stores.

7. Plaintiff is a regular shopper at Target stores, and used her credit card at a Target Store in this Judicial District on December 8.

8. The data breach affected approximately 40 million credit and debit cards swiped in U.S. TARGET stores between November 27 and December 15, 2013.

9. News of the data breach was first published by a blogger (Brian Krebs of <http://krebsonsecurity.com/>) on or about December 18, 2013, before TARGET made any attempt whatsoever to notify affected customers.

10. As widely reported by multiple news services on December 19, 2013: "Investigators believe the data was obtained via software installed on machines that customers use to swipe magnetic strips on their cards when paying for merchandise at Target stores."

<http://www.cbsnews.com/news/target-confirms-massive-credit-debit-card-data-breach/> (last visited December 19, 2013).

11. "The type of data stolen — also known as 'track data' — allows crooks to create counterfeit cards by encoding the information onto any card with a magnetic stripe." <http://krebsonsecurity.com/> (last visited December 19, 2013).

12. The thieves may also have accessed PIN numbers for affected customers' debit cards, allowing the thieves to withdraw money from those customers' bank accounts. *Id*.

13. Thieves could not have accessed this information and installed the software on TARGET's point-of-sale machines but for DEFENDANTS' negligence.

14. TARGET failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach.

15. As this news broke, TARGET finally released a statement concerning the data breach, but not one designed to notify affected customers directly. Rather, TARGET posted a statement on its corporate website (not on the shopping site regularly accessed by customers) on December 19, 2013, confirming "that the information involved in this incident included customer name, credit or debit card number, and the card's expiration date and CVV (the three-digit security code)." <https://corporate.target.com/discover/article/Important-Notice-Unauthorized-access-to-payment-ca> (last visited December 19, 2013).

16. In its December 19 statement concerning the data breach, Target also claimed to "have identified and resolved the issue," conveying a false sense of security to affected customers. *Id*.

17. On information and belief, Plaintiff's identifying and financial information was disclosed in the data breach.

### IV.  CONSEQUENCES OF DEFENDANTS' CONDUCT

18. The ramifications of Defendants' failure to keep class members' data secure are severe.

19. The information Defendants lost, including Plaintiff's identifying information and other financial information, is "as good as gold" to identity thieves, in the words of the Federal

Trade Commission ("FTC"). FTC, About Identity Theft, available at <http://www.ftc.gov/bcp/edu/microsites/idtheft/consumers/about-identity-theft.html> (visited March 23, 2011). Identity theft occurs when someone uses another's personal identifying information, such as that person's name, address, credit card number, credit card expiration dates, and other information, without permission, to commit fraud or other crimes. *Id.* The FTC estimates that as many as 9 million Americans have their identities stolen each year. *Id.*

20. Identity thieves can use identifying data to open new financial accounts and incur charges in another person's name, take out loans in another person's name, incur charges on existing accounts, or clone ATM, debit, or credit cards. *Id.*

21. Identity thieves can use personal information such as that pertaining to the Class, which Defendants failed to keep secure to perpetrate a variety of crimes that do not cause financial loss, but nonetheless harm the victims. For instance, identity thieves may commit various types of government fraud such as: immigration fraud; obtaining a driver's license or identification card in the victim's name but with another's picture; using the victim's information to obtain government benefits; or filing a fraudulent tax return using the victim's information to obtain a fraudulent refund.

22. In addition, identity thieves may get medical services using the Plaintiff's lost information or commit any number of other frauds, such as obtaining a job, procuring housing, or even giving false information to police during an arrest.

23. Annual monetary losses from identity theft are in the billions of dollars. According to a Presidential Report on identity theft produced in 2008:

> In addition to the losses that result when identity thieves fraudulently open accounts or misuse existing accounts, . . . individual victims often suffer indirect financial costs, including the costs incurred in both civil litigation initiated by creditors and in overcoming the many obstacles they face in obtaining or retaining credit. Victims of non-financial identity theft, for example, health-related or criminal record fraud, face other types of harm and frustration.

> In addition to out-of-pocket expenses that can reach thousands of dollars for the victims of new account identity theft, and the emotional toll identity theft can take, some victims have to spend what can be a considerable amount of time to repair the damage caused by the identity thieves. Victims of new account identity theft, for example, must correct fraudulent information in their credit reports and monitor their reports for

future inaccuracies, close existing bank accounts and open new ones, and dispute charges with individual creditors.

The President's Identity Theft Task Force Report at p.21 (Oct. 21, 2008), available at <http://www.idtheft.gov/reports/StrategicPlan.pdf>.

24. According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.

GAO, Report to Congressional Requesters, at p.33 (June 2007), available at <http://www.gao.gov/new.items/d07737.pdf>.

25. Plaintiff and the Class she seeks to represent now face years of constant surveillance of their financial and personal records, monitoring, and loss of rights.

## V. CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action on her own behalf, and on behalf of all other persons similarly situated ("the Class"). The Class that Plaintiff seeks to represent is:

> All persons who used credit or debit cards at Target Corporation stores in California and whose personal and/or financial information was breached during the period from on or about November 27 to on or about December 15, 2013. Excluded from the Class are Defendants; officers, directors, and employees of Defendants; any entity in which Defendants have a controlling interest; the affiliates, legal representatives, attorneys, heirs, and assigns of the Defendants.

27. The members of the Class are so numerous that the joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiff at this time, based on information and belief, it is in the millions.

28. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

29. This action satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3)

because it involves questions of law and fact common to the member of the Class that predominate or any questions affecting only individual members, including, but not limited to:

    a.    Whether Defendants unlawfully used, maintained, lost or disclosed Class members' personal and/or financial information;

    b.    Whether TARGET unreasonably delayed in notifying affected customers of the data breach;

    c.    Whether Defendants failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach.

    d.    Whether Defendants violated the requirements of California Civil Code Section 1798.80 *et seq.*

    e.    Whether Defendants' conduct violated the California Business & Professions Code §17200, *et seq.*

    f.    Whether Defendants' conduct was negligent;

    g.    Whether Defendants acted willfully and/or with oppression, fraud, or malice;

    h.    Whether Defendants' conduct constituted Intrusion;

    i.    Whether Defendants' conduct constituted Public Disclosure of Private Facts;

    j.    Whether Defendants' conduct constituted Misappropriation of Likeness and Identity;

    k.    Whether Defendants' conduct violated Class members' California Constitutional Right to Privacy;

    l.    Whether Defendants' conduct constituted Bailment;

    m.    Whether Defendants' conduct constituted Conversion;

    n.    Whether Plaintiff and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

30. Plaintiff's claims are typical of those of other Class members because Plaintiff's information, like that of every other class member, was misused and/or disclosed by Defendants.

31. Plaintiff will fairly and accurately represent the interests of the Class.

32. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants and would lead to repetitive adjudication of common questions of law and fact. Accordingly, class treatment is superior to any other method for adjudicating the controversy. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action under Rule 23(b)(3).

33. Damages for any individual class member are likely insufficient to justify the cost of individual litigation, so that in the absence of class treatment, Defendants' violations of law inflicting substantial damages in the aggregate would go un-remedied without certification of the Class.

34. Defendants have acted or refused to act on grounds that apply generally to the class, as alleged above, and certification is proper under Rule 23(b)(2).

## VI. FIRST COUNT

**Violation of the California Unfair Competition Law,
Business & Professions Code § 17200,** *et seq.*
**(Against all Defendants)**

35. Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

36. Defendants' conduct constitutes unfair and illegal and fraudulent business practices within the meaning of the California Business & Professions Code § 17200 *et seq*.

37. Defendants' conduct violated certain laws as alleged herein. By engaging in the said conduct in the course of doing business, Defendants engaged in unlawful business practices in violation of the California Business & Professions Code § 17200 *et seq*.

38. By engaging in the above-described conduct in the course of doing business, Defendants engaged in unfair business practices in violation of the California Business &

Professions Code section 17200 *et seq.* The harm to each Plaintiff outweighed any utility that Defendants' conduct may have produced.

39. Defendants' failure to disclose information concerning the data breach directly and promptly to affected customers, constitutes a fraudulent act or practice in violation of California Business & Professions Code section 17200 *et seq.*

40. Plaintiff suffered injury in fact and lost property and money as a result of Defendants' conduct.

41. Plaintiff seeks restitution and injunctive relief on behalf of the Class.

## VII.  SECOND COUNT

**Invasion of Privacy - Intrusion, Public Disclosure of Private Facts, Misappropriation of Likeness and Identity, and California Constitutional Right to Privacy**
**(Against All Defendants)**

42. Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

43. Plaintiff had a reasonable expectation of privacy in the Private Information Defendants mishandled.

44. By failing to keep Plaintiff's Private Information safe, and by misusing and/or disclosing said information to unauthorized parties for unauthorized use, Defendants invaded Plaintiff's privacy by:

    a. intruding into Plaintiff's private affairs in a manner that would be highly offensive to a reasonable person;

    b. publicizing private facts about Plaintiff, which is highly offensive to a reasonable person;

    c. using and appropriating Plaintiff's identity without Plaintiff's consent;

    d. violating Plaintiff's right to privacy under California Constitution, Article 1, Section 1, through the improper use of Plaintiff's Private Information properly obtained for a specific purpose for another purpose, or the disclosure of it to some third party.

45. Defendants knew, or acted with reckless disregard of the fact that, a reasonable person in Plaintiff's position would consider Defendants' actions highly offensive.

46. Defendants invaded Plaintiff's right to privacy and intruded into Plaintiff's private affairs by misusing and/or disclosing Plaintiff's Private Information without her informed, voluntary, affirmative and clear consent.

47. As a proximate result of such misuse and disclosures, Plaintiff's reasonable expectations of privacy in her Private Information was unduly frustrated and thwarted. Defendants' conduct amounted to a serious invasion of Plaintiff's protected privacy interests.

48. In failing to protect Plaintiff's Private Information, and in misusing and/or disclosing Plaintiff's Private Information, Defendants have acted with malice and oppression and in conscious disregard of Plaintiff's and the Class members' rights to have such information kept confidential and private.  Plaintiff, therefore, seeks an award of punitive damages on behalf of the Class.

## VIII.  THIRD COUNT

### Negligence
### (Against All Defendants)

49. Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

50. Defendants came into possession of Plaintiff's Private Information and had a duty to exercise reasonable care in safeguarding and protecting such information from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties.

51. Defendants had a duty to timely disclose that Plaintiff's Private Information within its possession had been compromised.

52. Defendants had a duty to have procedures in place to detect and prevent the loss or unauthorized dissemination of Plaintiff's Private Information.

53. Defendants, through their actions and/or omissions, unlawfully breached their duty to Plaintiff by failing to exercise reasonable care in protecting and safeguarding Plaintiff' Private Information within Defendants' possession.

54. Defendants, through their actions and/or omissions, unlawfully breached their duty to Plaintiff by failing to exercise reasonable care by failing to have appropriate procedures

in place to detect and prevent dissemination of Plaintiff's Private Information.

55. Defendants, through their actions and/or omissions, unlawfully breached their duty to timely disclose to the Plaintiff and the Class members the fact that their Private Information within their possession had been compromised.

56. Defendants' negligent and wrongful breach of their duties owed to Plaintiff and the Class proximately caused Plaintiff' and Class members' Private Information to be compromised.

57. Plaintiff seeks the award of actual damages on behalf of the Class.

## IX. PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment as follows:

A. For an Order certifying this action as a class action and appointing Plaintiff and their Counsel to represent the Class;

B. For equitable relief enjoining Defendants from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and Class members' Private Information, and from refusing to issue prompt, complete and accurate disclosures to the Plaintiff and Class members;

C. For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendants' wrongful conduct;

D. For an award of actual damages, compensatory damages, statutory damages, and statutory penalties, in an amount to be determined;

E. For an award of punitive damages;

F. For an award of costs of suit and attorneys' fees, as allowable by law; and

G. Such other and further relief as this court may deem just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

## X. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of their claims to the extent authorized by law.

Respectfully submitted,

Dated: December 19, 2013     By:     */s/ Michael F. Ram*
Michael F. Ram (SBN 104805)
mram@rocklawcal.com
RAM, OLSON, CEREGHINO
 & KOPCZYNSKI
555 Montgomery Street, Suite 820
San Francisco, California 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

Attorneys for Plaintiff